CRAWFORD, Adm'r, &c. *v.* LYTLE.

_____

G. W. CRAWFORD, Adm'r., &c. *v.* THOMAS LYTLE.

A makes his note to B on the 7th June, 1857, and on the 12th August, 1860, C endorses on the back, "Pay the within to D." signing his name: *Held,* that C was not liable either as an endorser or guarantor, and that his indorsement merely passed the property in the note to D.

CIVIL ACTION, (commenced in a Justice's Court, to recover the balance due on a note) tried before *Henry, J,* at the Fall Term, 1873, of the Superior Court of McDOWELL County.

The note sued on is in the following words:

"$475.87.   One day from date, I promise to pay G. W. Lytle, four hundred and seventy-five dollars and eighty-seven cents, for value received, this 7th day of June, 1857.

JNO. BURGIN, [Seal."]

On which note is endorsed: " Received on the within note, three hundred dollars, October 8th, 1859," and this further endorsement,

"Pay the within note to James Crawford, this 12th day of September, 1860.

THOS. LYTLE."

Plaintiff contends that Thomas Lytle, the defendant, is liable to him as an endorser; and by agreement, all other defences being abandoned, whether or not the above endorsement rendered the defendant liable, was the only question to be tried. His Honor being of opinion, that it did, gave judgment for the plaintiff, from which judgment, defendant appealed.

*Gaither* and *Bynum*, for appellant:

1. A mere writing of one's name across the back of a note executed by other parties cannot be more than a guarantee.

2. If A executes his promisory note to B, and C writes on the back of the note "pay the within to D," he simply guarantees that if A does not pay it he will.

3. In this case if D fails to make the money out of A, and A is good, he cannot recover out of C, certainly not without notice.

4. If in the above case the endorsement of C was made at the time the note was given, he would be liable as endorsee, but only as a guarantee if done afterwards. Parsons on contracts, 5 Ed. 543.

In this case the note was not given at the time of the endorsement on the back of note, and the only promise of the defendant is to pay in case of the insolvency of the original maker, and it was admitted on the argument in the Court below that the money could have been made out of the original maker until after the war.

See *Dawson* v. *Petway*, 4 Dev. &. Bat. 396; *Thompson* v. *Sanders*, 4 Dev. & Bat. 404; *Baker* v. *Robinson*, 65 N. C. 191.

The damage to the defendant is the paying the money in case plaintiff recovers.

CRAWFORD, Adm'r., &c. v. LYTLE.

*Fleming* and *J. C. L. Harris*, contra:

I. The instrument sued on is an ordinary promisory note under seal, and its endorsement by defendant is not a guaranty, but a suretyship. It is a negotiable security, and the defendant is liable as surety. Bat. Rev. chap. 10. *Johnson* v. *Hooker*, 2 Jones 29.

II. If the defendant be a guarantor, and not a surety, he must show himself *damaged* by the alleged laches of plaintiff, or plaintiff may still recover. The mere allegation of damage is not sufficient. The defendant must show damage. *Farrow* v. *Respass*, 11 Ired., 170; *Baker* v. *Robinson*, 63 N. C. R., 191.

III. A guarantor differs from a surety, in this, that the former cannot be sued until a failure on the part of the principal when sued, while the latter may be sued at the same time with the principal. 10 Watts, 258. And under our law the holder of a promissory note can bring an action against the endorser without even making any demand upon the maker of the note. Bat. Rev., p. 104; and the endorser, unless it be otherwise plainly expressed, is liable to the holder as surety.

IV. A guaranty is a promise to answer for the payment of some debt or the performance of some duty in case of the failure of another person who is primarily liable for such payment or performance; but the obligation which an ordinary endorsement of a promisory note imposes, is not in the alternative—the essential quality of a guaranty; and an action may be maintained against such endorser without joining the maker of the note, or requiring any payment or making any demand of him. Bat. Rev. p. 155; it being in the option of the plaintiff to include persons, severally liable on the same obligation, in the same action.

SETTLE, J. A makes his note to be paid on the 7th day of June, 1857, and on the 12th day of August, 1860, C endorses on the back of the note these words, to-wit: " Pay the within to D," and signed his name. Nothing more appears.

We are of opinion that C is neither an endorser, according to the commercial law, nor a guarantor; but that his endorsement merely passed the property in the note to D, just as his bill of sale would have passed a horse. But if we adopt the most favorable view for the plaintiff, and consider C as a guarantor, there has been such laches on the part of.the plaintiff as to discharge the defendant.

The judgment of the Superior Court is reversed, and judgment will be entered here that the defendant go without day.

PER CURIAM.                              Judgment reversed.